IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| COLLEEN FROEHLICH, | : | Case No. 3:12-cv-363 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| CACH, LLC, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR REMAND (DOC. 7) BE DENIED

This action was initially filed in the Miamisburg, Ohio Municipal Court on September 21, 2012. *See* doc. 1. Defendant CACH, LLC ("CACH") was served on September 28, 2012. *Id.* On Monday, October 29, 2012, CACH removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Removal was premised on the Court's federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims arise under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. Doc. 1 at PageID 1.

On November 27, 2012, Plaintiff filed a motion for remand back to the Municipal Court on the grounds that CACH's removal was untimely, as it was filed 31 days after service was perfected, and not within the 30-day period provided by 28 U.S.C. § 1446(b). CACH maintains that its removal was timely, given that the 30th day, October 28, 2012, was a Sunday. This issue, having been fully briefed, is ripe for Report and Recommendation. *See* docs. 7 (motion), 9 (memorandum in opposition).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Fed. R. Civ. P. 6 governs the computation of "any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Rule 6 provides, when computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Although Plaintiff's motion presents a straightforward question of law, the Sixth Circuit appears not to have had the opportunity to opine on this issue. Nevertheless, the Fourth and Ninth Circuits, and a number of District Courts (both within and outside the Sixth Circuit) have found that Rule 6 is operative in calculating the 30th day to remove a matter under 28 U.S.C. §§ 1441 and 1446. *See*, *e.g.*, *Wells v. Gateways Hosp. & Mental Health Ctr.*, No. 95-55915, 1996 U.S. App. LEXIS 2287, at *2 (9th Cir. Jan. 23, 1996) (finding, under Rule 6(a), that defendant's removal was timely on the 31st day after service because the 30th day landed on a weekend); *McKinney v. Bd. of Trs. of Md. Comm. College*, 955 F.2d 924, 925 n.2 (4th Cir. 1992) (same); *Despres v. Ampco-Pittsburgh Corp.*, 577 F.Supp.2d 604, 609 (D. Conn. 2008) (same); *Hardy v. Square D Co.*, 199 F. Supp. 2d 676, 681 (N.D. Ohio 2002) (same); *Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (same); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (same).

The Court has thoroughly reviewed Plaintiff's motion, but finds her arguments contrary to the aforementioned cases and the plain language of Rule 6 unavailing. Rule 6 explicitly applies to "any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). As such, it applies to 28 U.S.C. §§ 1441 and 1446 -- the statutes governing the procedure for removal of civil actions.

Therefore, the Court finds CACH's removal on Monday, October 29, 2012 -- the 31st day after service -- to be timely under Fed. R. Civ. P. 6(a), and **RECOMMENDS** that Plaintiff's motion for remand be **DENIED**.

February 25, 2013                                            **s/Michael J. Newman**
                                                                                                           United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).